UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CORY PAUL DUPIN                                                                                            Plaintiff

v.                                                                              Civil Action No. 3:25-CV-96-RGJ

MORGAN & MORGAN                                                                                         Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Cory Paul Dupin filed this *pro se* 42 U.S.C. § 1983 civil-rights action. Plaintiff filed a complaint [DE 1], an amended complaint [DE 8], a motion for leave to amend his complaint [DE 14], a notice of revised amendment request [DE 17], and a secondary note regarding the amendment request [DE 18]. **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend his complaint, including the notices related to the amendment request, [DE 14, DE 17, DE 18] are **GRANTED.**

This matter is now before the Court for screening of the complaint and amended complaints [DE 1, DE 8, DE 14, DE 17, DE 18] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

I.

Plaintiff Cory Paul Dupin is incarcerated at the Southeast State Correctional Complex. [DE 1]. Plaintiff sues Morgan & Morgan and Kaitlen Thomas in their individual and official capacities. [DE 1, DE 8, DE 14]. Plaintiff represents that Morgan & Morgan represented Thomas in 2018 in a multimillion-dollar injury/loss of life lawsuit. [DE 1 at 3]. Plaintiff states that the lawsuit stemmed from Thomas's injury and her unborn child's death. Plaintiff maintains that he was the father of the unborn child. [*Id.*]. Plaintiff complains that Morgan & Morgan failed to ask Thomas

the identity of the father of her unborn child or to investigate if DNA evidence existed related to the father of the child to determine whether to add Plaintiff to the lawsuit. [*Id.* at 4]. Plaintiff contends that he should have been entitled and awarded one-third of the settlement proceeds. [*Id.*]. Plaintiff alleges that Morgan & Morgan and Thomas improperly withheld one-third of the settlement proceeds from him which deprived him of liberty and property without due process of law violating his Seventh and Fourteenth Amendment rights under the United States Constitution.[1] [*Id.* at 4, 13; DE 14 at 2].

As relief, Plaintiff seeks money damages and an injunction ordering Morgan & Morgan to determine if Plaintiff is the father of the unborn child and to exhume the body of the child if necessary to obtain DNA. [DE 1 at 17; DE 8 at 1–2].

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all

---

[1] Plaintiff filed a similar action in *Dupin v. Thomas*, 3:23-cv-285-DJH, which was dismissed for lack of subject matter jurisdiction. The doctrine of *res judicata* does not bar this suit because application of that doctrine requires, among other things, a final judgment on the merits in a prior action. *Lawrence v. Wilson*, No. 1:22-CV-P136-JHM, 2023 WL 3443255, at *3 (W.D. Ky. May 12, 2023); *see also In re Wohleber*, 833 F. App'x 634 (6th Cir. 2020) ("But, when a case is dismissed for lack of subject matter jurisdiction, nothing has been litigated and decided, because such a dismissal is not an adjudication on the merits.") (internal quotations omitted).

well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Plaintiff asserts that Defendants violated his Seventh and Fourteenth Amendment rights. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Morgan & Morgan and Thomas are **not** state actors for purposes of § 1983. *See Johnson v. Wells Fargo Bank, N.A.*, No. 1:23-CV-10883 (GHW) (JLC), 2024 WL 3187116, at *5 (S.D.N.Y. June 26, 2024); *Ruales v. Spencer Sav. Bank*, No. CV189192KMMAH, 2019 WL 140794, at *4 (D.N.J. Jan. 9, 2019). Defendants in this case are private actors. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the

party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Therefore, Plaintiff's claims brought pursuant to § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For these reasons, the Court will dismiss this case by separate Order.

Date: June 3, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014